**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO.:**

KRISTIAN HORNELAND,

    Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

    Defendant.
_____/

# C O M P L A I N T

Plaintiff, KRISTIAN HORNELAND ("Plaintiff"), sues Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, and alleges:

1. Plaintiff resided at all times material hereto within the Middle District of Florida.

2. Defendant is a multi-lines insurance company transacting business throughout the United States including the Middle District of Florida. Plaintiff alleges upon information and belief that the short and long term disability insurance plans hereafter referred to were fully insured plans that were insured and funded by Defendant. As such Defendant is properly named as the party Defendant who, in fact, administered the short and long term disability plans at issue in this case.

3. Plaintiff was at all times material hereto a managerial employee of Thorntons, Inc.

4. As a benefit of his employment Plaintiff became a participant in short and long term disability insurance plans sponsored by his employer.

5. During his employment Plaintiff developed health conditions that disabled him from working despite his best efforts.

6. After his last day of work Plaintiff submitted timely claims for short-term and long-term disability insurance benefits.

7. Defendant, in its capacity as administrator of the short and long term disability insurance plans, paid only a portion of Plaintiff's short-term disability insurance benefits and terminated those benefits prior to full duration and completely denied Plaintiff's claim for long-term disability insurance benefits.

8. Plaintiff submitted a timely appeal from the termination of short-term disability insurance benefits.

9. Plaintiff submitted a timely appeal from the denial of long-term disability insurance benefits. The denial of long-term disability insurance benefits was predicated, in part, by an erroneous conclusion that a pre-existing condition exclusion applied to Plaintiff's claim.

10. Defendant, as administrator of the short and long term disability plans, denied both of Plaintiff's appeals.

11. The denial of short-term and long-term disability insurance benefits by Defendant was wrong because Plaintiff met the applicable plan definition of a total disability at all times material hereto. Plaintiff's disabling conditions include but are not limited to musculoskeletal and related conditions. Additionally, the pre-existing condition exclusion contained within the long-term disability insurance plan document should not have been applied to Plaintiff.

12. Plaintiff remains totally disabled under the applicable plan definition of such disability on the date of this filing and it is anticipated that he will remain so disabled indefinitely.

**COUNT I- ACTION FOR RECOVERY OF SHORT-TERM DISABILITY BENEFITS**

13. This is an action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to Plaintiff under the terms of his short-term disability plan, to enforce his rights under the terms of said plan, or to clarify his rights to future benefits under the terms of said plan.

14. Paragraphs 1-12 are re-alleged as if set forth verbatim herein.

15. Pursuant to the terms of the short-term disability plan applicable to Plaintiff he is entitled to recover short-term disability insurance benefits from Defendant. A copy of the short-term disability insurance plan document provided by the Defendant to Plaintiff is attached and incorporated herein as Exhibit A.

16. Plaintiff exhausted his pre-suit obligation to submit an administrative appeal and has otherwise fulfilled all conditions precedent to filing this action.

**WHEREFORE**, Plaintiff demands judgment for such relief as may be afforded to him by the court pursuant to 29 U.S.C. § 1132(a)(1)(B), together with an award of applicable court costs, pre-judgment interest on any past amounts due and an award of attorney's fees pursuant to ERISA.

**COUNT II- ACTION FOR RECOVERY OF LONG-TERM DISABILITY BENEFITS**

17. This is an action pursuant to under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to the Plaintiff under the terms of his long-term disability plan, to enforce his rights under the terms of said plan, or to clarify his rights to future benefits under the terms of said plan.

18. Paragraphs 1-12 are re-alleged as if set forth verbatim herein.

19. Pursuant to the terms of the long-term disability plan applicable to Plaintiff he is entitled to recover long-term disability insurance benefits from Defendant. A copy of the long-

term disability insurance plan document provided by the Defendant to Plaintiff is attached and incorporated herein as Exhibit B.

20.     Plaintiff exhausted his pre-suit obligation to submit an administrative appeal and has otherwise fulfilled all conditions precedent to filing this action.

**WHEREFORE**, Plaintiff demands judgment for such relief as may be afforded to him by the court pursuant to 29 U.S.C. § 1132(a)(1)(B), together with an award of applicable court costs, pre-judgment interest on any past amounts due and an award of attorney's fees pursuant to ERISA.

<u>/s/ Marcus A. Castillo, Esquire</u>
MARCUS A. CASTILLO, ESQUIRE
Florida Bar Number 374733
Haas & Castillo, P.A.
Arbor Shoreline Office Park
19321-C U. S. 19 North, Suite 401
Clearwater, Florida 33764
Telephone:     727-535-4544
Telefax:          727-535-1855
E-Mail:           Marcus @haas-castillo.com
Attorney for Plaintiff Kristian Horneland