UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTIAN HORNELAND,

    Plaintiff,

v.   Case No. 8:15-cv-1703-T-33TGW

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.
_____/

### ORDER

This matter comes before the Court upon consideration of Defendant United of Omaha Life Insurance Company's Motion for Award of Attorneys' Fees and Costs (Doc. # 42), which was filed on September 21, 2016. Plaintiff Kristian Horneland filed a Response in Opposition to the Motion on October 18, 2016. (Doc. # 49). For the reasons below, the Court denies the Motion to the extent Omaha seeks attorneys' fees, but grants Omaha's request for costs pursuant to Rule 54(d)(1), Fed. R. Civ. P.

### I. Background

Horneland began his employment with Thorntons, Inc., a nonparty to this action, as a real estate manager on March 12, 2012. (Doc. # 27-4). Thorntons held a group insurance plan, which included a provision for long-term disability

benefits, issued by Omaha. (Doc. # 27-1). And under that plan, Horneland became eligible to receive benefits on March 13, 2013. (Doc. ## 27-1 at 21; 27-4). With respect to long-term disability benefits, the plan excluded pre-existing conditions. (Doc. # 27-1 at 25, 37-38, 40).

Horneland filed his claims at issue within one year of becoming insured, and thus Omaha conducted a review to determine whether the plan's pre-existing condition exclusion applied. See (Id. at 25). The look-back period ran from December 12, 2012, through March 11, 2013. (Id.) (defining look-back period as "3 months prior to the day You become insured under this Policy"). Omaha denied Horneland's long-term disability application on February 26, 2014. (Doc. # 28-3). Horneland timely appealed Omaha's decision on August 22, 2014. (Doc. # 28-4).

Omaha affirmed the denial of long-term disability benefits on July 7, 2015. (Doc. # 28-10). In its letter-of-denial, Omaha summarized Horneland's medical history and the evidence it reviewed. Ultimately, Omaha concluded the denial should be affirmed because there was "a reasonable degree of medical certainty that the complaints that were the basis of support for Mr. Horneland's inability to perform . . . [were] the same complaints for which he sought evaluation and

2

treatment during the Pre-existing Condition exclusionary period . . . ." (Id. at 5).

Subsequent to Omaha's affirmance, Horneland filed suit in this Court on July 21, 2015. (Doc. # 1). The Complaint brought two counts under ERISA; namely, recovery of short-term disability benefits (Count I) and recovery of long-term disability benefits (Count II). (Id.). After this action was instituted, the parties jointly notified the Court that Omaha had tendered all short-term disability benefits Horneland sought to recover in Count I. (Doc. # 25). The parties also moved the Court to enter judgment in favor of Omaha as to Count I, but to withhold entry of judgment thereon until Count II was resolved. (Id.). The Court granted the motion, explaining that Court I was rendered moot when Omaha tendered all short-term disability benefits to Horneland. (Doc. # 26).

The parties then filed cross-motions for summary judgment as to Count II. (Doc. ## 27, 30). After careful review, the Court denied Horneland's motion, granted Omaha's motion, and judgment was entered in favor of Omaha on August 24, 2016. (Doc. ## 37-38). Horneland filed a motion for reconsideration, which the Court denied. (Doc. ## 41, 46). Omaha now moves for attorneys' fees in the amount of

3

$48,407.90 and costs in the amount of $2,102.90. (Doc. # 42). The Motion is ripe for this Court's review. (Doc. # 49).

**II. Analysis**

The Eleventh Circuit has addressed attorneys' fees in the context of ERISA actions, and explained that "unlike other fee-shifting provisions, which give the court discretion to award fees to a prevailing party, § 1132(g)(1) allows a court to award fees to either party. The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." Freeman v. Cont'l Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993).

The relevant section of ERISA, 29 U.S.C. § 1132(g)(1) states: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Id.

In making that determination, district courts should consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal

4

>      question regarding ERISA itself; (5) the relative
>      merits of the parties' positions.

Freeman, 996 F.2d at 1119.

"No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concern that a court should address." Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co., Inc., 932 F.2d 1443, 1452 (11th Cir. 1991). In the present case, the relevant factors militate against an award of attorneys' fees to Omaha.

As to the first factor, culpability and bad faith, it is worth noting that Horneland's lawsuit was partially successful. The suit resulted in Omaha paying all short-term disability benefits available under the plan. Horneland ultimately did not prevail on the issue of his entitlement to long-term disability benefits, but there is no evidence that Horneland persisted in litigating any issue in bad faith. Nor does the Court find that Horneland demonstrated culpable conduct.

As to the second factor, ability to pay attorneys' fees, the Court is not convinced that Horneland could satisfy an award of attorneys' fees, especially the significant amount requested here. Horneland has filed an affidavit describing

his bleak financial situation, his "substantial medical bills," and averring that he would "probably consider filing bankruptcy" if faced with an award of attorneys' fees. (Doc. # 49-1).

As to the third factor, deterrence, the Court would not enter an award of attorneys' fees in this case in an effort to "deter other persons acting under similar circumstances." Freeman, 996 F.2d at 1119. There is no need to "deter" others from filing ERISA actions seeking disability benefits under disputed circumstances, as Horneland did. As articulated by Horneland, "But for the filing of this action, Plaintiff would never have recovered his short term disability benefits." (Doc. # 49 at 2).  It is not the Court's role to deter plan participants from seeking benefits to which they earnestly believe they are entitled.

The forth factor considers whether "the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself." Freeman, 996 F.2d at 1119.  This factor partially militates in favor of Omaha because Omaha was "obligated as a claim fiduciary to the plan and all participants to deny Plaintiff's claim for [long-term disability] benefits and defend this action." (Doc. # 42 at

6

7). Omaha correctly states that the payment of unwarranted claims increases expenses of the plan and results in increased premiums for plan participants. (Id.). However, it does not appear that this suit resolved a significant legal question regarding ERISA itself.

As to the fifth and final factor, which evaluates the relative merits of the parties' positions, the Court finds that Horneland's position on short-term disability benefits was completely meritorious and his position on entitlement to long-term disability benefits was ultimately unsuccessful. The Court agrees with Horneland that "this was far from a one-sided frivolous case, rather it was one argued in good faith and based on medical evidence." (Doc. # 49 at 2).

In light of these findings, the Court denies Omaha's request for attorneys' fees. However, the Court does find that Omaha is entitled to its requested costs. "Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorneys' fees shall be allowed as [a matter] of course to the prevailing party unless the court otherwise directs." Cline v. Home Quality Mgmt., No. 01-cv-9016, 2005 U.S. Dist. LEXIS 44733 (S.D. Fla. May 18, 2005). The costs requested, $2,102.90, are associated with subpoena fees,

7

copies of medical records, and transcripts. These costs are reasonable and are allowed under 18 U.S.C. § 1920.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant United of Omaha Life Insurance Company's Motion for Award of Attorneys' Fees and Costs (Doc. # 42) is **GRANTED** as to costs in the amount of $2,102.09 and is **DENIED** as to attorneys' fees.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8